UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS NAVARRETTE,<br><br>    Plaintiff,<br><br>    v.<br><br>5 - KEYS CHARTER SCHOOL, et al.,<br><br>    Defendants. | Case No. 20-cv-02579-PJH<br><br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 32, 38 |

       Plaintiff has filed two motions to appoint counsel. Dkt. 32 & 38. Defendant Five Keys Schools and Programs filed a statement of non-opposition to plaintff's first motion. Dkt. 41. In response to both of plaintiff's motions, the court instructed plaintiff to contact the Legal Help Center for free legal advice. Dkt. 34 & 47.

       There is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981), see also Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). District courts may "request" that counsel represent a litigant who is proceeding in forma pauperis ("IFP"), as plaintiff is here. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an IFP litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A determination of such exceptional circumstances requires the court to evaluate both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Terrell

1  v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  A self-represented litigant may well
2  benefit from the assistance of counsel, but he "must show that because of the complexity
3  of the claims he was unable to articulate his positions" to meet the exceptional
4  circumstances standard.  Rand, 113 F.3d at 1525.

5    Plaintiff offers no argument in these motions about his likelihood of success in this
6  case.  Further, plaintiff has not shown that his claims are so complex that he is unable to
7  articulate his positions.  Therefore, this case does not include exceptional circumstances
8  to justify appointment of counsel.

9    For these reasons, plaintiff's motions for appointment of counsel are DENIED.
10 This order in no way precludes plaintiff from contacting the Legal Help Center for
11 assistance.

12 **IT IS SO ORDERED.**

13 Dated: April 23, 2021

14             /s/ Phyllis J. Hamilton
              PHYLLIS J. HAMILTON
15             United States District Judge