UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS NAVARRETTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>5 - KEYS CHARTER SCHOOL, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-02579-PJH<br><br>**ORDER GRANTING DISMISSAL OF DEFENDANT CALIFORNIA DEPARTMENT OF TRANSPORTATION**<br><br>Re: Dkt. Nos. 48, 52 |

  Before the court is defendant California Department of Transportation's ("Caltrans") motion to dismiss plaintiff's first amended complaint. Dkt. 48. Plaintiff filed a response to the motion stating that he "has no objection" to the dismissal of Caltrans from the case. Dkt. 22. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), dismissal "is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

  On the other hand, a plaintiff may voluntarily dismiss an action. Except where a

notice of dismissal or a stipulated dismissal is filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Here, plaintiff states in his response to Caltrans' motion that Caltrans "had no involvement in the scheduling and or [sic] hours worked by the plaintiff.  Nor was CAL-TRANS involved or knowledgeable that illegal unpaid overtime was being accrued.  Once again plaintiff Tomas Navarrette AKA Mr. T. Navarrette El has no objection to Defendant CAL-TRANS, and CAL-TRANS only from being removed from this lawsuit." Dkt. 52 at 2.  The court interprets this response as a voluntary dismissal of Caltrans under Fed. R. Civ. P. 41(a)(2).

The court GRANTS this voluntary dismissal of Caltrans.  And in the alternative, the court GRANTS Caltrans' motion to dismiss under Rule 12(b)(6).  Accordingly, the hearing set for May 27, 2021, is VACATED.

**IT IS SO ORDERED.**

Dated: April 23, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge